UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE BINYARD,

    Petitioner,

v.                                               CASE NO. 12-10458
                                                   HONORABLE DENISE PAGE HOOD

KENNETH ROMANOWSKI,

    Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PETITIONER'S MOTION TO SUPPLEMENT HIS HABEAS PETITION
## AND
## DIRECTING RESPONDENT TO FILE THE STATE COURT RECORD

      Petitioner Dwayne Binyard has filed a *pro se* habeas corpus petition challenging his Wayne County convictions for first-degree murder, assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. The habeas petition alleges that trial counsel was ineffective for failing to present an alibi defense and the evidence adduced at trial was insufficient on the issue of identity. Respondent Kenneth Romanowski urges the Court to deny the petition because the state appellate court's adjudication of Petitioner's claims was not contrary to, or an unreasonable application of, Supreme Court precedent.

      Currently pending before the Court is Petitioner's motion to supplement his habeas petition. He states that he wants "to argue relevant laws . . . to secure his release from unlawful imprisonment being that he is innocent, his constitutional rights having been violated, and a miscarriage of justice having been committed against him . . . ." Mot. at 1.

Under Federal Rule of Civil Procedure 15(d), the Court may allow a party to supplement his pleading, and under Rule 7 of the Rules Governing Section 2254 Petitions, the Court may allow a party "to expand the record by submitting additional materials relating to the petition." But the doctrine of exhaustion of state remedies requires state prisoners to "give the state courts an opportunity to act on [their] claims before [they] present[] those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). And a federal habeas court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011). Consequently, this Court may not expand the record to consider additional evidence not presented to the state court. *Moore v. Mitchell*, 708 F.3d 760, 780-84 (6th Cir. 2013).

With these principles in mind, the Court grants in part and denies in part Petitioner's motion to supplement his habeas petition [document number 17, filed on March 27, 2013]. To the extent that Petitioner is supplementing his habeas brief with additional case law in support of his original claims, the motion is GRANTED. To the extent that Petitioner is raising a new argument that the prosecutor relied on false testimony and to the extent that Petitioner is attempting to present an exhibit not previously considered by the state court, his motion is DENIED.

On an unrelated matter, the Court notes that Respondent has not filed the state court record, which the Court needs to address Petitioner's claims. Accordingly, it is further ordered that Respondent shall file the relevant transcripts, briefs, and state court orders

pursuant to Rule 5 of the Rules Governing Section 2254 Cases. Respondent shall file these items within **twenty-eight (28) days** of the date of this order.

                                   S/Denise Page Hood
                                   Denise Page Hood
                                   United States District Judge

Dated: June 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2013, by electronic and/or ordinary mail.

                                   S/LaShawn R. Saulsberry
                                   Case Manager