UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE BINYARD,

       Petitioner,

v.                                     CASE NO. 12-10458
                                       HONORABLE DENISE PAGE HOOD

KENNETH ROMANOWSKI,

       Respondent.

_____/

### ORDER GRANTING PETITIONER'S REQUEST FOR RECONSIDERATION (Doc. 20), BUT DENYING HIS REQUEST FOR SANCTIONS

On February 2, 2012, petitioner Dwayne Binyard filed a *pro se* habeas corpus petition challenging his Wayne County convictions for first-degree murder, assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. The habeas petition alleges that Petitioner's trial attorney was ineffective for failing to present an alibi defense and that the evidence adduced at trial was insufficient to support Petitioner's convictions. In an answer filed on July 10, 2012, and in amended answers filed on July 11 and July 19, 2012, Respondent argues that the Court should deny the petition because the habeas claims lack merit and the state appellate court's adjudication of the claims was not contrary to, or an unreasonable application of, Supreme Court precedent.

On March 27, 2013, Petitioner moved to supplement his habeas petition. In addition to arguing that trial counsel was ineffective for not presenting an alibi defense, he argued that a prosecution witness was threatened and coerced to lie about the facts and that the

prosecution obtained his conviction through the use of perjured testimony. Petitioner attached to his motion a letter from prosecution witness Beverly Lane to the state trial court. The letter states that homicide detectives coerced her into saying what the detectives wanted her to say.

The Court granted Petitioner's motion to the extent that he was supplementing his habeas brief with additional case law in support of his claim about trial counsel. The Court denied the motion to the extent that Petitioner was raising a new and unexhausted argument about perjured testimony and was attempting to file an exhibit not previously presented to the state court. In the same order, the Court directed Respondent to file the state court record, which he failed to file with his answers to the habeas petition.

Currently pending before the Court is Petitioner's request to have the Court reconsider its order denying his motion to supplement the habeas petition. Petitioner claims that he did present the exhibit attached to his prior motion to the state court and, therefore, the Court should permit him to supplement his habeas petition with the exhibit.

The state court record that Respondent filed on June 10, 2013, indicates that Beverly Lane was questioned at trial about her letter to the trial court. The letter was not admitted in evidence, *see* Doc. 19-9 (Trial Tr. Vol. IV, 43-47, Oct. 9, 2008), but there was testimony about the letter, and the testimony was part of the record before the state appellate court. Consequently, Petitioner's request for reconsideration of the order denying his motion to supplement the habeas petition with Beverly Lane's letter (Doc. 20) is **GRANTED**. The Court accepts the letter as a supplemental exhibit to the habeas petition.

Petitioner has also asked the Court to impose sanctions on Respondent for not filing the state court record with any of its answers in July of 2012. He wants the Court to "lock

up the warden & [Michigan Attorney General] Bill Schuette in a Federal Detention Facility for 7 days & fine them $10,000." Doc. 20, at 2.

While it is true that a magistrate judge ordered the State to submit the relevant transcripts and appellate briefs with its response to the habeas petition, *see* Doc. 5, it appears that Respondent merely overlooked his obligation to file the record. He promptly filed the record after the matter was brought to his attention.

Furthermore, damages are not available in habeas proceedings. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (*per curiam*). Nor are default judgments. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). To obtain habeas relief, Petitioner must show that he is in custody in violation of the Federal Constitution, and "[t]he failure of State officials to file a timely return does not relieve the prisoner of his burden of proof." *Id*. Therefore, Petitioner's request to have the Court impose sanctions on Respondent and on the Michigan Attorney General for not filing the state court record in a timely manner is **DENIED**.

                        S/Denise Page Hood
                        Denise Page Hood
                        United States District Judge

Dated: January 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2014, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager